UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

04 · 10029 RCL

MAGISTRATE JUDGE _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

          Plaintiff,

   v.

CAVALIER SECURITY AND PATROL,
INC., FRANCOIS YOUHANNA, TONY
YOUHANNA and HANNA YOUHANNA,

          Defendants.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CIVIL ACTION

FILE NO.

## COMPLAINT

Plaintiff brings this action to enjoin defendants from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, 29 USC 201), hereinafter called the Act, and to recover unpaid wages and liquidated damages pursuant to the provisions of sections 15(a)(2) and 16(c) of the Act.

I.

Jurisdiction of this action is conferred upon the Court by section 17 of the Act and by 28 USC 1345.

II.

Defendant CAVALIER SECURITY AND PATROL, INC. is, and at all times hereinafter mentioned was, a corporation having an office and place of business at 5198 Washington Street, W. Roxbury, Massachusetts within the jurisdiction of this Court, and

is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere, in the operation of a security guard service.

III.

Defendant FRANCOIS YOUHANNA resides within the jurisdiction of this Court and is now, and at all times hereinafter mentioned was, an owner and an officer in the business referenced above and actively manages, supervises and directs the business affairs and operations of said corporation. This defendant has acted at all times material herein directly and indirectly in the interest of said corporation in relation to its employees and was, and is, therefore, an employer of said employees within the meaning of the Act.

IV.

Defendant TONY YOUHANNA resides within the jurisdiction of this Court and is now, and at all times hereinafter mentioned was, an owner in the business referenced above and actively manages, supervises and directs the business affairs and operations of said corporation. This defendant has acted at all times material herein directly and indirectly in the interest of said corporation in relation to its employees and was, and is, therefore, an employer of said employees within the meaning of the Act.

V.

Defendant HANNA YOUHANNA resides within the jurisdiction of this Court and is now, and at all times hereinafter mentioned was, an owner in the business referenced above and actively manages, supervises and directs the business affairs and operations of said corporation. This defendant has acted at all times material herein

directly and indirectly in the interest of said corporation in relation to its employees and was, and is therefore, an employer of said employees within the meaning of the Act.

VI.

Defendants are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business purpose, and they are, and at all times hereinafter mentioned were, an enterprise within the meaning of section 3(r) of the Act.

VII.

At all times hereinafter mentioned, defendants employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s). The said employees are engaged in activities which are closely related and directly essential to the production of goods for commerce within the meaning of section 3(s).

VIII.

Defendants have willfully and repeatedly violated and are violating the provisions of sections 7 and 15(a)(2) of the Act by employing employees for workweeks longer than forty (40) hours without compensating them for their employment in excess of forty (40)

hours in said workweeks, at rates not less than one and one-half times the regular rate at which they were employed.

IX.

Defendants have willfully and repeatedly violated and are violating the provision of 11(c) and 15(a)(5) of the Act in that they failed to make, keep and preserve adequate and accurate records of employees' wages, hours, and other conditions and practices of employment as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 CFR 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to many employees and the regular rates at which they were employed.

X.

During the period since January 1, 2001, defendants have willfully and repeatedly violated and are violating the aforesaid provisions of the Act, as alleged, and a judgment enjoining such violations is expressly authorized by Section 17 of the Act.

WHEREFORE, cause having been shown, plaintiff prays judgment permanently enjoining and restraining defendants, their agents, servants, employees, and those persons in active concert or participation with them or acting in their interest and behalf, from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Act and costs.

XI.

During the period since January 1, 2001, defendants have willfully and repeatedly violated and are violating the aforesaid provisions of the Act. An award of actual and liquidated damages is specifically authorized by section 16(c) of the Act.

WHEREFORE, cause having been shown, plaintiff demands judgment ordering payment of unpaid wages found by the Court to be due the employees listed in attached Exhibit "A", plus an equal amount as liquidated damages, and costs.

Howard M. Radzely
Solicitor of Labor

Post Office Address:

Frank V. McDermott, Jr.
Regional Solicitor

U.S. Department of Labor
Office of the Solicitor
JFK Federal Building
Rm. E-375
Boston, MA  02203
TEL: (617) 565-2500
FAX: (617) 565-2142

_/s/ Paul J. Katz_
Paul J. Katz
Senior Trial Attorney

U.S. Department of Labor
Attorneys for Plaintiff

| |
|---|
| AMEN-RA, ALKEBU-L |
| AbdElHamid, Eslam M |
| AbdElHamid, Tamer M |
| Abdelwahed, Elouadi |
| Aboukhalil, Mohamed G |
| Anwar, Mohamed M |
| Attiatila, Ahmed |
| Blachka, Antonio C |
| Bouhlal, Elhousein H |
| Correa, Leon |
| El Bana, Mamdouh |
| El-Karabaty, Hemat |
| El-Kenani, Said |
| Elnazer, Othman A |
| Farag, Magai |
| Ismail, Ahmed H |
| Knaggs, Hilaime |
| Koura, Mogib |
| Meziane, Youssef |
| Mohamed, Hasan |
| Morgan, Mohammed |
| Ridah, Said |
| Saad, Ihab S |
| Salah Hamid, Hesham |
| Saleh, Ali |
| Sayed, Osama M |
| Sayed, Sayed M |
| Taborda, John |
| Zapata, Guillermo |

Exhibit A