IN CLERKS

2005 MAY 19

U.S. DISTRIC
DISTRICT O

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ELAINE L. CHAO, Secretary of Labor,      *
 United States Department of Labor,     *
                                *
             Plaintiff,     *   CIVIL ACTION
                                *
      v.                *   FILE NO. 04-10029-RCL
                                *
CAVALIER SECURITY & PATROL, INC.,   *
 FRANCOIS YOUHANNA, TONY YOUHANNA, *
 and HANNA YOUHANNA, Individually,   *
                                *
             Defendants.    *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## JUDGMENT

Plaintiff having filed a complaint and the defendants having appeared by counsel,

filed answer to the complaint and, although denying any violations, agree to the entry of

this judgment without contest.

It is, therefore,

ORDERED, ADJUDGED and DECREED that defendants, their agents, servants,

employees, and all persons acting or claiming to act in their behalf and interest be, and

they hereby are, permanently enjoined and restrained from violating the provisions of the

Fair Labor Standards Act, as amended (29 USC 201, et seq.), hereinafter referred to as

the Act, in any of the following manners:

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any

employees who in any workweek are engaged in commerce or in the production of goods

proposed document

DOCKETED

(14)

for commerce, or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forth (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

Defendants shall not fail to make, keep and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended pursuant to section 11(c) of the Act and found in 29 CFR 516.

The Defendants represent that they have been in compliance with the Act since at least January 1, 2002. In resolving this matter, including the issue of back wages, the plaintiff has relied on this representation and, accordingly, the back wage provision of this judgment shall have no effect upon any back wages which may have accrued since that date.

Defendants understand their obligation under law and under this Judgment to make and keep (for at least three years' time) accurate records of the actual hours worked each week by employees, and the obligation to pay employees engaged in commerce or in activities closely related and directly essential to commerce at one and one-half times their respective regular rates of pay for hours worked in excess of forty in the week.

It is further ORDERED, ADJUDGED and DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of

this proceeding.

Dated ___2/15_____ 2005.

_____ 5/23/2005
United States District Judge
Magistrate

| Defendants hereby consent to the entry of this judgment: | Plaintiff moves for entry of this judgment: |
|---|---|

CAVALIER SECURITY & PATROL,
INC.

Howard M. Radzely
Solicitor of Labor

BY_____

Frank V. McDermott, Jr.
Regional Solicitor

_____
Defendant Francois Youhanna

_____
Paul J. Katz
Senior Trial Attorney

_____
Defendant Tony Youhanna

U.S. Department of Labor
Attorneys for Plaintiff

_____
Defendant Hanna Youhanna

_____
Albert Flanders, Esquire
Attorney for Defendants